**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Muturi Kamau, | No. CV-26-01847-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Micheal J Herrod, et al., | |
| Defendants. | |

Plaintiff John Muturi Kamau ("Plaintiff") has filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 3).  Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee.  The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP").  The Court will proceed to screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  (Doc. 1).

## I.      Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

## II.    Plaintiff's Complaint

On March 18, 2026, Plaintiff filed suit against Judge Michael J. Herrod ("Defendant") of the Maricopa County Superior Court of Arizona. (Doc. 1 at 3).[2] Therein, Plaintiff alleges that he initiated the underlying action in Superior Court on December 19, 2025, "challenging the legality of actions relating to a trustee sale." (*Id.* at 4). After the parties exchanged "disclosures and evidence," Plaintiff alleges that an evidentiary hearing was eventually set for January 21, 2026. (*Id.*) However, Plaintiff states that his case was reassigned to Defendant, and the hearing was vacated. (*Id.* at 5). At a January 27, 2026, status conference, Defendant permitted briefing on the motion to dismiss filed in Plaintiff's case, and Defendant granted the motion to dismiss on February 25, 2026, without holding any further hearing. (*Id.*)

Plaintiff now presents the following issues to the Court for review: 1) "Whether the Superior Court abused its discretion by dismissing the case without conducting the evidentiary hearing previously ordered to resolve disputed factual issues;" 2) "Whether dismissal without receiving evidence previously deemed necessary constitutes a procedural irregularity resulting in substantial prejudice;" and 3) "Whether extraordinary relief is warranted where a trial court terminates a case after requiring evidentiary preparation but before receiving the evidence." (*Id.*) The relief requested by Plaintiff includes the Court accepting "special action jurisdiction," "vacat[ing] the Superior Court's order dismissing the case," and "remand[ing] the matter to the Superior Court with instructions to conduct the evidentiary hearing previously ordered." (*Id.* at 8).

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

[2] Plaintiff lists "Davinder Singh" and "International Shopping Center Investments, LLC" as "Real Parties in Interest," not Defendants, so the Court will proceed to examine Plaintiff's Complaint with the assumption that Judge Herrod is the sole Defendant. (*See* Doc 1 at 3–4).

- 2 -

### III.    Discussion

This Court lacks the jurisdiction to grant Plaintiff's requested relief.  Under the *Rooker-Feldman* doctrine, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  *Rooker-Feldman* applies when a federal plaintiff claims the state court's legal errors as their injury and seeks relief from a state court judgment as their remedy.  *Id.* at 1140.

Here, Plaintiff's requested relief only concerns prior state court actions and orders. (*See* Doc. 1 at 8).  Primarily, Plaintiff asks the Court to vacate the Superior Court order dismissing his case. (*Id.*)  His request seeks relief from a state court judgment and is clearly barred under *Rooker-Feldman*.  The alleged errors in Plaintiff's state court proceedings do not change this conclusion. (*See id.* at 6–7).  "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision....'"  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel*, 341 F.3d at 1164).

In addition to *Rooker-Feldman*, Eleventh Amendment and judicial immunity prohibit Plaintiff's Complaint as the Complaint only speaks to Defendant's actions in his official capacity.  *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against [Arizona Superior Courts] (or its employees), because such suits are barred by the Eleventh Amendment."); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities.").

Accordingly, because Plaintiff's Complaint seeks to reverse or alter rulings in his state court case, it is dismissed as the Court lacks subject matter jurisdiction.  To the extent Plaintiff claims error in the state court proceedings, his relief lies in an appeal to a higher

state court, not with a federal district court. *Noel*, 341 F.3d at 1154. Given the Court's lack of jurisdiction over Plaintiff's Complaint, Plaintiff's Emergency Motion for Stay Pending Special Action (Doc. 2) is denied.

**IV.    Leave to Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Put differently, leave to amend "is properly denied [where] amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, there are no other consistent factual allegations that could cure Plaintiff's Complaint of the foregoing deficiencies. The Court lacks jurisdiction to hear Plaintiff's claims because they wholly regard alleged errors in his state court case. The proper remedy for Plaintiff is an appeal to the state court of appeals. Bringing an amended complaint to this Court would risk futility and, therefore, leave to amend is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **GRANTED** but his Complaint (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is kindly directed to enter judgment and terminate this matter.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED THAT** that Plaintiff's Emergency Motion for Stay Pending Special Action (Doc. 2) is **DENIED as moot**.

Dated this 2nd day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge